**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EUSTOLIA JIMINEZ MARTINEZ; ESTATE OF ANTONIO CRUZ JIMINEZ, | No. CV-08-1415-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| PRIDEMARK RESIDENTIAL, LLC, | |
| Defendant. | |

Pending before the Court are the Motion to Dismiss for Failure to Prosecute (Dkt. # 41), Motion for Summary Judgment (Dkt. # 39), and Motion for Summary Disposition (Dkt. # 43) of Defendant Pridemark Residential, LLC ("Pridemark"). For the reasons set forth below, the Court grants the Motion to Dismiss for Failure to Prosecute and denies the other motions as moot.

**BACKGROUND**

On June 19, 2007, Antonio Cruz Jiminez, son of Plaintiff Eustolia Jiminez Martinez, fell from a scaffold on Defendant's construction site and later died. On June 19, 2008, Plaintiffs Eustolia Jiminez Martinez and the Estate of Antonio Cruz Jiminez filed a complaint against Defendant Pridemark in Arizona superior court, alleging negligence in supervising the construction site. On July 31, 2008, Defendant removed the case to the United States District Court for the District of Arizona. On June 2, 2009, Defendant filed a Motion for

Failure to Prosecute and a Motion for Summary Judgment, explaining that Plaintiffs have not complied with the disclosure requirements, have produced no expert report, and have failed to show up for the scheduled depositions. (Dkt. ## 39, 41.) Plaintiffs did not respond to either motion. On June 23, 2009, this Court ordered Plaintiffs to respond to Defendant's Motion to Dismiss for Failure to Prosecute by July 6, 2009. (Dkt. # 42.) The Court warned Plaintiffs that failure to respond "may be deemed consent to the granting of the motion," and the Court further caution that "[t]his could result in the dismissal of all claims." (*Id.* at 1-2.) Plaintiffs still have filed no response. On July 16, 2009, Defendant filed a Motion for Summary Disposition, noting that Plaintiffs have obviously abandoned this litigation and asking the Court to grant the outstanding motions. (Dkt. # 43.) The time to respond to that motion has now expired, and Plaintiffs have filed no response.

**DISCUSSION**

Defendant argues that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiffs have failed to prosecute the case, have failed to comply with the Court's orders, and have done nothing to progress the case since November of 2008. (Dkt. # 41.)[1] The Local Rules of Civil Procedure provide that an "opposing party shall . . . have ten (10) days after service in a civil or criminal case within which to file a responsive memorandum." LRCiv 7.2(c). Plaintiffs' failure to file a timely response "may be deemed consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i).

In this case, Defendant filed its Motion for Failure to Prosecute on June 2, 2009. Plaintiffs failed to respond. The Court ordered Plaintiffs respond by July 6, 2009. Plaintiffs did not do so. The Court waited several weeks, and no response was forthcoming. Defendant then advanced a third motion, asking the Court to end this matter. Plaintiffs still have not responded. Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails

---

[1] Because the Court dismisses this case for failure to prosecute, the Court need not rule on the motion for summary judgment (Dkt. # 39) or the motion for summary disposition (Dkt. # 43), and the Court therefore denies those motions as moot.

- 2 -

to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Ninth Circuit has held that courts must weigh five factors in determining whether or not to dismiss a case in such circumstances: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citations omitted). On balance, these factors counsel that the Court should dismiss this case.

The first and second factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. The public interest in expeditious litigation is plainly done a disservice if a plaintiff fails to respond to motions, fails to respond to the court's orders, fails to engage in required discovery, and fails to advance a case. If the case is not dismissed, there is every indication that this litigation will never end. Further, the Ninth Circuit has recognized that it must "preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." *Id.* at 1261. Plaintiffs have repeatedly declined to comply with the Court's orders and the litigation process, and their continued failure to so comply keeps this case on the Court's docket and consumes the Court's limited resources. These factors therefore favor dismissal.

The third factor, the risk of prejudice to the defendants, also supports granting dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citations omitted). Since November of 2008 there has been virtually no action taken by Plaintiffs to move the case forward, and Plaintiffs have failed to appear for depositions on multiple occasions. (Dkt. # 41 at 6-7.) Plaintiffs' failures to respond to motions and the Court's orders make it almost impossible to adhere to Court-ordered discovery deadlines and

causes Defendant to continue to incur costs and expenses in defending this action. (*Id.* at 7.) Defendant is clearly suffering prejudice, and thus the third factor also favors dismissal.

The fourth factor weighs against dismissal, but only slightly. Generally, "the public policy favoring disposition of cases on their merits counsels strongly against dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits," and thus this factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine*, 460 F.3d at 1228 (internal quotations omitted). In this case, Plaintiffs are impeding the progress of the case by failing to comply with the Court's orders, other deadlines, and their discovery obligations. Therefore, the fourth factor weighs only slightly, if at all, against dismissal.

The fifth factor also weighs in favor of dismissal. In analyzing the fifth factor, the Ninth Circuit has held that a district court must consider "the impact of the sanction and the adequacy of less drastic sanctions." *Id*. (citations omitted). However, the Ninth Circuit has also held that "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id*. at 1229 (citing *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001)). In this case, the Court has allowed Plaintiffs ample opportunity to respond to Defendant's motion that was filed on June 2, 2009. (Dkt. # 41.) Local Rule 7.2(c) allows the opposing party ten days to file a response. The Court did not issue its order to Plaintiffs until June 23, 2009 (Dkt. # 42), three weeks after Defendant's motion, and then gave Plaintiffs ten more days to respond. In its Order, the Court clearly warned that the rules authorized "dismissal of all claims against Defendant" as a sanction for failing to respond. (Dkt. # 42 at 2.) Plaintiffs still did not respond. The Court continued to wait, and Defendant eventually filed yet another motion to terminate the case. The Court has given Plaintiffs an opportunity to respond to this motion. Plaintiffs have declined to do so. Thus, the Court has made several attempts at less drastic sanctions, and none of them have

born fruit.  Other than to continue to order Plaintiffs to respond, which has yet to achieve any results, there is no other sanction practically available to the Court.  The fifth factor therefore weighs in favor of dismissal.

The five factors weigh in favor of granting Defendant's Motion to Dismiss for Failure to Prosecute.  Therefore, the Court grants the motion.

**CONCLUSION**

For the following reasons:

**IT IS ORDERED** that Pridemark's Motion to Dismiss for Failure to Prosecute (Dkt. # 41) is **GRANTED.**

**IT IS FURTHER ORDERED** that Pridemark's Motion for Summary Judgment is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Pridemark's Motion for Summary Disposition is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **TERMINATE** this action.

DATED this 10th day of August, 2009.

_____
G. Murray Snow
United States District Judge